No. 2673.—CRANE, BREED & Co. *v.* J. W. QUINN, Constable—WILLIAM
PHILLIPS, Warrantor.

The order of a constable of a justice's court, permitting a party to take possession of property
which he holds under a writ of sequestration, is null and void, because the constable, as
such, is vested with no judicial power whatever. Therefore if the constable deliver to
another the possession of property in his hands under a writ of sequestration, without an
order from the justice who issued the writ, he is liable to the owner for the value thereof.
In a suit by the owner to recover the value of property which has been illegally parted
with, the constable can not be permitted to discharge his liability by returning it. He
can only do so by paying its value.

APPEAL from the Seventh District Court, parish of Orleans. *Col-
lens,* J. *H. D. Ogden,* for plaintiffs and appellees. *Wenck & Huft,*
for defendants and appellants.

HOWELL, J. Plaintiffs claim of J. W. Quinn, Constable of the Sec-
ond Justice's Court, parish of Orleans, the sum of $800, as the value
of a hearse. The constable answers that he delivered said hearse, on
a release bond, to one William Phillips, who had caused the same to
be sequestered in the suit of William Phillips *v.* Bleakley & Thompson,
in said justice's court, and called said Phillips in warranty, who for
answer admits having the hearse sequestered, and sets up title thereto
by purchase from one J. M. Winslow.

Judgment was rendered in favor of plaintiffs against the defendant
for $700, and in favor of the latter against the warrantor for the same
amount, reserving to defendant and warrantor the right to satisfy this
judgment by delivering the hearse to plaintiff, and reserving to plaintiff
his right of action for damages.

Defendant and warrantor appeal, and in their answer plaintiffs ask
that the judgment be amended by striking out that part reserving to
the defendant and warrantor the right of satisfying the judgment by
delivery of the hearse.

The material facts are the following: Winslow, an undertaker,
placed the hearse in the shop of Bleakley & Thompson for repairs.
While there he gave an order on them to deliver it to and hold for ac-
count of plaintiffs, on their paying the charges. Bleakley & Thompson
gave plaintiffs a receipt for it. Shortly afterwards, William Phillips
instituted suit for it in the Second Justice's Court against Bleakley &
Thompson, and caused it to be sequestered and taken into possession
by the constable. Three days thereafter the suit was discontinued by
Phillips. Plaintiffs then obtained an order from Bleakley & Thomp-
son on the constable for the hearse. . This order was presented to both
the constable and Phillips without success. The latter, in support of
his claim, introduced in evidence a notarial act of sale (dated anterior
to the sale to plaintiffs), from Winslow to himself, of "the contents
and stock in trade of the stables and undertaker's establishment, now
carried on by said John M. Winslow at No. 101 Rampart street," con-
sisting of horses, vehicles, harness, coffins, lumber, furniture, fixtures,

good will, cistern, etc., of said establishment, including, we may consider proven, the hearse in question. But it is shown to our satisfaction, as it was to that of the district judge, that if this was intended as a sale, no legal delivery was made, for the vendor continued the business at the same place as before, resorting to the formality of sending some of the property, described in the notarial act, to the stables of the alleged or pretended vendee in another part of the city, and bringing them back again to be used by himself, and hence no sale as to third persons was effected. The bond of release, set up by the constable, was executed several days after. the suit was dismissed in the justice's court, and is totally without legal effect. The delivery by him to Phillips was consequently not a legal delivery, and having taken official possession of the hearse, he was responsible for it to the owner. A constable not being vested with judicial powers, has no authority to take property from one party and deliver it to another upon his own motion. He is but the ministerial officer of the court, by whose orders he must be controlled in his official acts.

The judge *a quo* was right in giving judgment against the constable for the value of the hearse taken into his possession by virtue of the writ of sequestration, but erred in giving him the right to satisfy the judgment by returning the property, as plaintiff sued only for its value, exercising the choice of two actions.

It is therefore ordered that the judgment appealed from be amended by striking out that part reserving to defendant and warrantor the right of said judgment, by delivering to plaintiff the hearse referred to in the petition, and that in other respects said judgment be affirmed with costs